UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MCDONALD'S CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>CIRCA HOSPITALITY GROUP II LLC d/b/a THE D LAS VEGAS,<br><br>Defendant. | Case No. 2:23-cv-00384-JCM-EJY<br><br>**ORDER** |

Pending before the Court is McDonald's Corporation ("McDonald's) Motion for Leave to File Complaint and Exhibits Thereto Under Seal. ECF No. 2. McDonald's contends the Complaint and all Exhibits are properly sealed under a confidentiality provision appearing in a sublease agreement between McDonald's and Defendant Circa. McDonald's argues sealing the Complaint and Exhibits is necessary to "protect McDonald's business reputation and credibility based on the baseless allegations Circa has raised regarding McDonald's compliance with the Lease."

As the party seeking to seal a judicial record, McDonald's must meet its burden of overcoming the strong presumption in favor of access and public policies favoring disclosure. *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (holding that those who seek to maintain the secrecy of documents attached to dispositive motions must meet the high threshold of showing that "compelling reasons" support secrecy). The mere fact that the production of records may lead to a party's embarrassment, incrimination or exposure to further litigation will not alone compel the court to seal its records. *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1136 (9th Cir. 2003). Compelling reasons require a demonstration of something more, such as when court files have become a vehicle for improper purposes, including use of records to gratify private spite, promote public scandal, disseminate libelous statements, or circulate trade secrets. *Nixon v. Warner Commc'ns*, 435 U.S. 589, 598 (1978). Where a party seeks to seal documents attached to a non-dispositive motion, the "public policies that support the right of access to dispositive motions … do not apply with equal force … ." *Kamakana*, 447 F.3d at 1178-1179

1

(citation omitted) (holding that those who seek to maintain the secrecy of documents attached to non-dispositive motions must demonstrate "good cause" supporting secrecy); *see also Phillips ex. rel. Estates of Byrd v. General Motors Corp*, 307 F.3d 1206, 1210-11 (9th Cir. 2002) ("For good cause to exist, the party seeking protection bears the burden of showing specific prejudice or harm will result if no protective order is granted."). After identifying the factors, the Court must then "'conscientiously balance[ ] the competing interests of the public and the party who seeks to keep certain judicial records secret.'" *Kamakana*, 447 F.3d at 1179 (quoting *Foltz*, 331 F.3d at 1135) (alteration in original) (internal quotation marks omitted).

Here, the Court finds McDonald's Complaint is not properly filed under seal. Specifically, the Court finds the contents of the Complaint at page 1 through page 5 line 7 contain standard pleadings and disclosure of routine contract provisions. The Court further finds the causes of action and the prayer for relief, commencing on page 9 line 13, and ending on page 12, contain neither confidential information nor information the disclosure of which would undermine McDonald's reputation or credibility. The Court also has serious doubts that the allegations beginning on page 5 paragraph 16, and ending on page 9 paragraph 46, are anything more than the recitation of a standard business dispute. Thus, the Court finds McDonald's has not demonstrated good cause to seal the Complaint.

Further, while the Court understands sealing portions of the Sublease Agreement because certain terms are proprietary or confidential, sealing the entirety of the Sublease Agreement, much of which contains boilerplate language, is not justified. Thus, the Court finds the Sublease Agreement (Exhibit 1 to the Complaint) can be redacted when filed on the public record such that confidential business terms remain sealed. The unredacted Sublease Agreement should be filed under seal.

The Court questions whether Exhibits 2 and 3 contain any proprietary information that justifies sealing those documents and, thus, finds these Exhibits should be filed on the public record. In contrast, the Court finds information disclosed in Exhibits 4 and 5 justifies sealing these Exhibits.

Accordingly, IT IS HEREBY ORDERED that McDonald's Motion for Leave to File Complaint and Exhibits Thereto Under Seal (ECF No. 2) is GRANTED in part and DENIED in part.

IT IS FURTHER ORDERED that the Complaint and all Exhibits thereto shall remain temporarily sealed.

IT IS FURTHER ORDERED that if McDonald's disputes the Court's findings that the Complaint, Exhibits 2 and 3, and portions of Exhibit 1 are not properly sealed, McDonald's must file a supplement to its Motion to Seal explaining in greater depth the basis for sealing these documents in their entirety. This filing must occur no later than **March 24, 2023**. McDonald's may choose to relinquish its request to seal the entirety or portions of these documents, or may seek to seal the entirety of these documents. If McDonald's does not file a supplement by or before March 24, 2023, the Court will enter a second order requiring the Complaint and Exhibits 2 and Exhibit 3 unsealed. The Court will order portions of Exhibit 1 redacted such that the redacted version is available on the public record.

IT IS FURTHER ORDERED that Exhibits 4 and 5 (ECF Nos. 1-4 and 1-5) are and shall remain sealed.

Dated this 15th day of March, 2023.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE