# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| MCDONALD'S CORPORATION, | Case No.: 2:23-cv-00384-JCM-EJY |
| Plaintiff, | |
| vs. | **ORDER** |
| CIRCA HOSPITALITY GROUP II LLC D/B/A THE D LAS VEGAS, | |
| Defendant. | |

Before the court is Plaintiff McDonald's Corporation ("McDonald's") Application For A Temporary Restraining Order. ECF No. 11. The application is supported by a memorandum of points and authorities, the declarations of Yanxiong Li, Esq. and Jackie Bunting, McDonald's representative, and various exhibits attached to McDonald's Amended Complaint, ECF No. 8.

The purpose of a temporary restraining order is to "preserv[e] the status quo and prevent[] irreparable harm just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Teamsters*, 415 U.S. 423, 438-39, 94 S. Ct. 1113, 39 L. Ed. 2d 435 (1974); *E. Bay Sanctuary Covenant v. Trump*, 909 F.3d 1219, 1230 (9th Cir. 2018). The standard for granting a TRO is "substantially identical" to the standard for granting a preliminary injunction. *Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*, 240 F.3d 832, 839 n.7 (9th Cir. 2001).

To obtain a preliminary injunction, a plaintiff must establish four elements: "(1) a likelihood of success on the merits, (2) that the plaintiff will likely suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in its favor, and (4) that the

public interest favors an injunction." *Wells Fargo & Co. v. ABD Ins. & Fin. Servs., Inc.*, 758 F.3d 1069, 1071 (9th Cir. 2014), as amended (Mar. 11, 2014) (citing *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)).

The Court finds that, based on the facts alleged in the Amended Complaint and Application for Temporary Restraining Order, including the Declaration of Jackie Bunting, that (1) McDonald's is likely to succeed on the merits or, at a minimum, has raised "serious questions going to the merits"; (2) McDonald's will suffer irreparable harm if an injunction does not issue due to the loss of the Property, a unique asset, and due to shutdown of its business operations that it has maintained for nearly three decades; (3) the balance of equities is in favor of McDonald's because the TRO will not harm Defendant's interests; and (4) there is a strong public interest in preserving the status quo and promoting freedom of contract. Thus, Plaintiff's motion satisfies the requirements of a TRO.

Federal Rule of Civil Procedure 65(c) provides that "The court may issue a…temporary restraining order only if the movant gives security in an amount the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained." A district court retains discretion "as to the amount of security required, if any." *Johnson v. Couturier*, 572 F.3d 1067, 1086 (9th Cir. 2009) (internal quotation marks and citations omitted) (emphasis in original). The court may dispense with the filing of a bond if "there is no realistic likelihood of harm to the defendant from enjoining his or her conduct." *Jorgensen v. Cassiday*, 320 F.3d 906, 919 (9th Cir. 2003). Accordingly, the Court finds that a *de minimis* bond of $500 shall be required to be posted.

Based upon the Complaint, the Motion and all exhibits attached thereto, the discussion above, and for good cause appearing, the Court orders as follows:

IT IS ORDERED that Plaintiff's Motion for a Temporary Restraining Order is GRANTED. The Temporary Restraining Order (TRO), as detailed below, shall be effective upon posting of the $500 bond on or before March 21, 2023, and shall remain in force until a Preliminary Injunction Hearing is held.

IT IS FURTHER ORDERED that Defendant Circa, and its successors, assigns and agents are enjoined from undertaking any act that would interfere with the Lease, prevent McDonald's from operating its quick service restaurant within The D Las Vegas, real property located of 301 Fremont Street, Las Vegas Nevada 89101, or otherwise affect the continuity of McDonald's business operations within the restaurant during the pendency of this action.

IT IS FURTHER ORDERED that Defendant Circa shall file any response to Plaintiff's Motion for Preliminary Injunction on or before Monday, March 27, 2023.

Plaintiffs shall then have up to Thursday March 30, 2023, at 12:00 noon to reply to Defendant's response.

IT IS FURTHER ORDERED that a preliminary injunction hearing shall be scheduled on March 31, 2023, at 11:00am in Courtroom 6A.

**IT IS SO ORDERED.**

DATED: March 20, 2023

JAMES C. MAHAN
UNITED STATES DISTRICT JUDGE