UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MCDONALD'S CORPORATION, | Case No. 2:23-CV-384 JCM (EJY) |
| Plaintiff(s), | ORDER |
| v. | |
| CIRCA HOSPITALITY GROUP II LLC D/B/A THE D LAS VEGAS, | |
| Defendant(s). | |

Presently before the court is plaintiff McDonald's Corporation ("plaintiff" or "McDonald's")'s motion for leave to file surreply. (ECF No. 62). Defendant Circa Hospitality Group II, LLC d/b/a The D Las Vegas ("defendant" or "Circa") filed a response (ECF No. 71), to which plaintiff replied (ECF No. 74).

**I.     Background**

This action arises from an eviction notice filed by Circa in state court declaring that McDonald's, a tenant of Circa, was in breach of a lease agreement.

McDonald's filed its complaint shortly after receiving the eviction notice, believing it was not in breach of the lease and that Circa failed to follow the requisite steps regarding sufficient notice by denying McDonald's the opportunity to cure provisions set forth in the lease. (ECF No. 1 at 3-5). McDonald's' complaint contains three counts: (1) declarations regarding the parties' right under the lease's notice; (2) breach of contract; and (3) breach of the implied covenant of good faith and fair dealing. (*Id.* at 9-11).

**James C. Mahan**
**U.S. District Judge**

The court issued a temporary restraining order on March 20, 2023, ruling that McDonald's was likely to succeed on the merits or has raised questions going to the merits and would suffer irreparable harm absent the court granting injunctive relief. (ECF No. 14 at 2).

Four days later, Circa voluntarily dismissed the eviction action in state court and subsequently moved to dismiss this case, arguing that the case was moot based on its voluntarily dismissal of the state court action. (ECF Nos. 22 at 11, 15-17).

McDonald's now seeks leave of the court to file a brief surreply, alleging that Circa's reply in support of its motion to dismiss raises two new arguments: (1) that the case is moot because Circa provided multiple subsequent written notices of McDonald's' ongoing material breaches and an additional six months to cure these defects; and (2) that this action is barred by the prior exclusive jurisdiction doctrine. (ECF No. 62 at 2). Despite the high standards governing a court's granting such a motion, the court finds that these two arguments are indeed novel, and for purposes of equity, McDonald's may file a surreply.

## II.     Legal Standard

Local Rule 7-2 provides that surreplies "are not permitted without leave of court[.]" LR 7-2(b). "Motions for leave to file a surreply are discouraged." *Id*. Courts in this district have held that the "[f]iling of surreplies is highly disfavored, as it typically constitutes a party's improper attempt to have the last word on an issue . . ." *Smith v. United States*, No. 2:13-cv-039-JAD-GWF, 2014 WL 1301357, at *5 (D. Nev. Mar. 28, 2014) (internal citation omitted). Only the most exceptional or extraordinary circumstances warrant permitting a surreply to be filed. *See Sims v. Paramount Gold & Silver Corp.*, No. CV 10-356-PHX-MHM, 2010 WL 5364783, at *8 (D. Ariz. 2010).

. . .

**James C. Mahan**
**U.S. District Judge**

### III. Discussion

#### A. Mootness

First, McDonald's avers that Circa's argument regarding mootness constitutes a new theory warranting a surreply. In its motion to dismiss, Circa argues that the case is moot because it voluntarily dismissed the eviction action based on the representations of corrective action contained in McDonald's complaint and therefore McDonald's "faces no threat of eviction at the time." (ECF No. 22 at 11). In its reply to its motion to dismiss, Circa contends that the case is moot because defendant has served multiple notices of default based on McDonald's' repeated material breaches and provided McDonald's an additional six months to cure these defaults. (ECF No. 60 at 3).

Although the overriding issue is mootness, Circa is raising a new argument as to why the case is moot. Circa implicitly admits it is making a new argument by claiming it did not make this "argument" in its opening brief because it did not exist at the time the opening brief was filed. (ECF No. 71 at 3). Circa directly states its reply "merely adds the *additional argument* that the passage of time, additional written notices, and meetings between the parties have further mooted plaintiff's claims." (*Id.*) (emphasis added). This amounts to an admission that this argument is "additional" to the one made in Circa's motion to dismiss.

Circa posits that McDonald's knew about these additional notices when McDonald's filed its opposition, but McDonald's' supposed knowledge, even if true, is irrelevant. Circa is raising a new argument regarding mootness, and McDonald's should be given the opportunity to respond. *See Hyundai Motor Am., Inc. v. Midwest Indus. Supply Co.*, No. 2:17-cv-3010-JCM-GWF, 2019 WL 11638962, at *1 (D. Nev. June 20, 2019) (granting defendants' leave to file surreply to address new evidence).

**James C. Mahan**
**U.S. District Judge**

B. <u>Prior exclusive jurisdiction doctrine</u>

The issue of whether Circa addressed the prior exclusive jurisdiction doctrine in its motion to dismiss is more straightforward. Circa never provides the phrase "prior exclusive jurisdiction doctrine" in its original motion. Now, Circa argues it alluded to this doctrine when proposing that a Nevada statute vested a state court with exclusive jurisdiction to hear its eviction action. (ECF No. 22 at 7).

The court finds that merely referencing jurisdiction in the original motion and then specifically mentioning the prior exclusive jurisdiction in the reply constitutes raising a new argument. Additionally, Circa concedes that "the exact phrase Prior-Exclusive Jurisdiction Doctrine is not expressly and specifically used." (ECF No. 71 at 4). It would be unreasonable for McDonald's to deduce Circa was referencing that specific doctrine without any citation to legal authority. McDonald's thus should be afforded the opportunity to respond to this new argument.

**IV. Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that plaintiff McDonald's Corporation's motion for leave to file surreply (ECF No. 62) be, and the same hereby is, GRANTED.

Plaintiff may file a surreply of not more than ten pages limited to addressing only the new arguments identified above within seven days of receiving this order.

DATED December 11, 2023.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 4 -